## UNITED STATES v. MOBLEY et al.*

### No. 108.

District Court, S. D. California, N. D.

Aug. 24, 1942.

Wm. Fleet Palmer, U. S. Atty., of Los Angeles, Irl D. Brett, Sp. Asst. to the Atty. Gen., and Frederick H. Steinmetz, Sp. Atty., Lands Division, Department of Justice, of Los Angeles, Cal., for plaintiff.

N. Lindsay South, of Fresno, Cal., for defendants Sam. L. Mobley and Anel C. Mortensen.

YANKWICH, District Judge.

This cause having been tried by the court without a jury, the court hereby makes the following findings of fact and conclusions of law:

### Findings of Fact.

I. That the defendants Sam. L. Mobley, also known as Samuel L. Mobley, and Anel C. Mortensen, also known as Anel C. Corlieu, are residents of the Southern Judicial District of California.

II. That plaintiff is, and at all times herein mentioned has been, the owner of that certain real property situated in the County of Madera, State of California, within the Southern District of California, Northern Division, which said real property constitutes 4.75 acres, more or less, and is more particularly described as follows:

Beginning at a point which bears South 83° 51' West a distance of 2960.0 feet plus or minus from the Northeast corner of Section 13, Township 6 South, Range 21 East; M.D.B. & M.

Thence, North 84° 08' East a Distance of 396.0 feet plus or minus;

---

* Note by the Court. The Opinion disposing of the issues which was published in United States v. Mobley, D.C., 45 F. Supp. 407, has attracted a good deal of interest. Request has been made that the Findings embodying the conclusions and in which some of the questions treated are reflected with greater elaboration, should be published. They are now released for publication in the hope that the members of the Bar interested in the problem may find them helpful.

Thence, North 52° 56′ East a distance of 181.0 feet plus or minus;

Thence, North 24° 55′ West a distance of 223.0 feet plus or minus;

Thence, North 61° 08′ West a distance of 273.5 feet plus or minus;

Thence, N 73° 43′ W. a distance of 286.0 feet plus or minus;

Thence, South 70° 15′ West a distance of 302.2 feet plus or minus;

Thence, South 37° 28′ East a distance of 582.0 feet plus or minus to the point of beginning.

III. That said land is, and at all times herein mentioned has been, included within the boundaries of the Sierra National Forest by proclamations dated April 20, 1908, 35 Stat. 2185, July 1, 1910, 36 Stat. 2728, and April 27, 1915, 39 Stat. 1724, and has been and now is part of said forest and under the administration of the Supervisor of said forest.

IV. That on May 17, 1919, one Charles C. Corlew located a mining claim upon all or a portion of the above described lands, which mining claim was named the "Veiled Face Mining Claim," and notice of which location was recorded in Book 19, Mining Claims, County of Madera, State of California, Page 392, on June 13, 1919. That defendant Anel C. Mortensen, on Page 2 of her second amended answer, filed in this action, claims some right, title or interest in and to the above described lands, by virtue of said mining claim. That said defendant does not now own, nor has she ever owned, any right, title or interest in or to said mining claim. That neither the locator of said mining claim, nor any other person, has made a discovery of any mineral within the limits of said claim.

V. That on January 9, 1940, the above mentioned Forest Supervisor, by virtue of authority delegated to him by the Secretary of Agriculture of the United States, under the provisions of the Act of June 4, 1897, 16 U.S.C.A. § 551, and pursuant to the regulations promulgated by the said Secretary of Agriculture, issued to one S. C. Ramage a Special Use Permit for a summer resort. That said Special Use Permit has been since said time, and is now, in full force and effect, and covers the lands above described.

VI. That on October 20, 1940, defendant Sam. L. Mobley located upon the above described land, a quartz mining claim designated as the "Clifford Corlieu Mine," no-

tice of location of which claim was recorded November 19, 1940, in Volume 275, Official Records of Madera County, California, at Page 246.

VII. That on December 3, 1940, defendant Anel C. Corlieu, otherwise known as Anel C. Mortensen, located upon all or a portion of the above described lands, a quartz mining claim designated as "Gray Squirrel." That the notice of location of said mining claim was recorded on January 2, 1941, in Book 293, Official Records of Madera County, California, at Page 80.

VIII. That said defendants Sam. L. Mobley and Anel C. Mortensen, without permission or other authority from plaintiff or said Forest Supervisor, and under claim of right so to do by virtue of the mining claims mentioned in findings VI and VII above, have taken possession of said lands and premises and have been digging, excavating and tunneling upon said land and interfering with the occupancy and use of said land by the persons authorized by plaintiff under said Special Use Permit, and have been interfering with the administration of said lands by the plaintiff as a national forest. That said defendants threaten to continue so to dig, excavate, tunnel and interfere, unless enjoined therefrom by order of this court, and that plaintiff has no plain, speedy or adequate remedy at law for said acts and conduct on the part of defendants, and unless said acts and conduct are enjoined, plaintiff will suffer irreparable injuries to said lands, and its ability properly to develop the same as a part of said national forest will be impaired.

IX. That no proof was offered or received upon the trial of this case that the issues herein involved had ever been introduced in or presented to the United States Department of Agriculture or the Secretary of Agriculture of the United States under any rules or regulations promulgated by said Secretary of Agriculture.

X. That the complaint in this action was filed at the request of the Secretary of Agriculture of the United States, and upon the direction of the Attorney General of the United States.

XI. That no discovery of any mineral has been made by either of defendants upon either of the mining claims mentioned in findings VI and VII hereinabove, and that the work required by Section 2304 of the Public Resources Code of the State of California, St.Cal.1939, p. 1081, has not been done on either of said mining claims,

and that the lands embraced within the boundaries of said mining claims contain no valuable minerals.

### Conclusions of Law.

I. That title to the above described lands is in the plaintiff, United States of America, which is entitled to the exclusive possession thereof as against defendants.

II. That the "Veiled Face Mining Claim" is not and has not been at any time a valid mining claim.

III. That the above described lands were, by the issuance of the above mentioned Special Use Permit, definitely appropriated and set aside for a particular purpose, authorized by the said Act of June 4, 1897, 16 U.S.C.A. § 551, and the regulations of the Secretary of Agriculture promulgated thereunder, and said lands, for that reason, were and are not subject to subsequent location under the mining laws of the United States of America and of the State of California, or either of them, while said permit remains in force and effect.

IV. That the "Gray Squirrel" and "Clifford Corlieu" mining locations, hereinabove mentioned, were made on the lands above described while a part of a national forest, subsequent to the issuance of the above mentioned Special Use Permit, while it was in full force and effect, and are invalid insofar as they conflict with said prior Special Use Permit.

V. That said "Clifford Corlieu Mine" and "Gray Squirrel" mining claims are invalid because no valid discovery of any mineral within the boundaries thereof has been made under the laws of the United States of America, or of the State of California.

VI. That neither of said defendants has any right, title, estate, claim, lien or interest of whatsoever kind or nature, in or to the above described lands, and that the plaintiff is entitled to a decree quieting its title to the same against any claim of the defendants, or either of them, and restoring exclusive possession thereof to the plaintiff and persons authorized by it.

VII. That the plaintiff is entitled to a writ of permanent injunction, permanently enjoining the defendants and each of them from digging, excavating and tunneling upon said land and from interfering in any way with the occupancy and use of said land by persons authorized by plaintiff, and with the administration of said lands by plaintiff as a national forest, and from asserting any claim or interest whatsoever in or to said land or premises, or any part thereof, adverse to plaintiff and persons authorized by plaintiff.